[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2129

 RAMIRO RAMIREZ,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge],  

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 

 

Ramiro Ramirez on brief pro se. 
Sheldon Whitehouse, United States Attorney, Margaret E. Curran 
and Kenneth P. Madden, Assistant United States Attorneys, on brief for 
appellee.

 

 February 5, 1998

 

 Per Curiam. Upon careful review of the briefs and the 

record, we conclude that our opinion in petitioner's direct

appeal, United States v. Tabares, 951 F.2d 405, 409 (1st Cir. 

1991), did not adjudicate petitioner's specific claim of

ineffective assistance of counsel, namely that, without

petitioner's consent, during closing argument, his trial

attorney conceded petitioner's guilt to weapons counts. Our

prior opinion expressly refrained from ruling on any "claim

that involves matters outside the trial record itself," which

would include the specific ineffective assistance of counsel

claim that petitioner now raises, and particularly the

factual question whether petitioner consented to the

concession of guilt. Accordingly, that claim should not have

been dismissed as "a matter raised and properly denied on

direct appeal." Of course, we intend no comment whatsoever

on the merit, if any, of the claim, but only conclude that it

was dismissed prematurely.

 We note from the appellate record that there may be some

dispute about the signatures on petitioner's filings. In

these circumstances, we cannot say that an evidentiary

hearing necessarily will be required. We leave that question

of procedure to the district court, upon its review of the

papers before it and its determination whether a sufficient

disputed factual issue has been joined. See David v. United 

States, No. 97-1398, 1998 WL 21848, at *6-7 (1st Cir. Jan. 

 -2-

27, 1998), quoting United States v. McGill, 11 F.3d 223, 225- 

26 (1st Cir. 1993).

 The judgment of dismissal is vacated, and the case is 

remanded to the district court for further proceedings 

consistent with this opinion.

 -3-